UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROSS, *et al.*, | No. C-13-5856 EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS; AND GRANTING PLAINTIFFS' REQUEST TO TRANSFER CASE TO DISTRICT OF WYOMING** |
| SKANSKA USA CIVIL WEST ROCKY MOUNTAIN DISTRICT, INC., | |
| Defendant. | |
| _____/ | **(Docket No. 6)** |

Plaintiffs have filed suit against Defendant Skanska USA Civil West Rocky Mountain District, Inc. based on events related to a motor vehicle accident that took place in Wyoming on Interstate 80. Skanska has moved to dismiss on the basis of lack of personal jurisdiction. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court agrees that personal jurisdiction is lacking but, in lieu of dismissal, it shall transfer the case to the District of Wyoming.

Although Plaintiffs suggest that they have established at least a prima facie case of personal jurisdiction over Defendant, *see Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (noting that, where the motion is based on written materials, "the plaintiff need only make a prima facie showing of personal jurisdiction"), the Court does not agree. Certainly, there is insufficient evidence to support general jurisdiction, which requires contacts with the forum that are so continuous and systematic as to render it at home. *See Daimler AG v. Bauman*, 134 S.Ct. 746, 749 (2014). Furthermore, there is not even a prima facie case of specific jurisdiction. Notably, Plaintiffs have failed to establish that any contacts between Defendant and the forum are related to

the claims now being asserted by Plaintiffs. *See Fireman's Fund Ins. Co. v. National Bank of Cooperatives*, 103 F.3d 888, 894 (9th Cir. 1996) (stating that, "[u]nder our Circuit's 'but for' test, a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action"). Nor have Plaintiffs satisfied either the purposefully directed or purposefully availed test of specific jurisdiction.

To the extent Plaintiffs have asked for jurisdictional discovery so that they can explore whether there is general or specific jurisdiction, the request is denied. Plaintiffs claim for personal jurisdiction is attenuated and based on bare allegations. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (stating that "'[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery'").

The Court, however, shall grant Plaintiffs' request that this case be transferred to the District of Wyoming rather than be dismissed outright. Under 28 U.S.C. § 1631, where "there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, a transfer to the District of Wyoming is appropriate, as there is no real dispute that this case could have been brought there. To the extent Defendant contends that a transfer is not in the interest of justice because Plaintiffs filed the suit in this forum in bad faith, the Court does not agree that Plaintiffs acted in bad faith. Moreover, it is in the interest of justice to transfer as, absent a transfer, there may be a statute-of-limitations bar on Plaintiffs' claims.

Accordingly, for the reasons stated at the hearing and herein, although the Court agrees with Defendant that personal jurisdiction is lacking, it shall **DENY** the motion to dismiss and instead transfer the case to the District of Wyoming.

///

///

///

///

///

2

The Clerk of the Court is instructed to transfer this case to the District of Wyoming and close the file.

This order disposes of Docket No. 6.

IT IS SO ORDERED.

Dated: February 27, 2014

_____
EDWARD M. CHEN
United States District Judge

3